**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE SOCIETY INSURANCE COMPANY COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION | MDL No. 2964 |

**PLAINTIFFS' JOINT RESPONSE TO
THE PANEL'S RULE TO SHOW CAUSE ORDER AND IN
SUPPORT OF TRANSFER OF THE SOCIETY INSURANCE
ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS**

JDS 1455, Inc., the plaintiff in *JDS 1455, Inc. v. Society Insurance*, No. 20-cv-02546 (N.D. Ill.); 351 Kingsbury Corner, LLC, the plaintiff in *351 Kingsbury Corner, LLC v. Society Insurance*, No. 20-cv-02589; and Roscoe Same LLC, Big & Little's Lakeview LLC, and Big & Little's Empire LLC, the plaintiffs in *Roscoe Same LLC, et al. v. Society Insurance*, No. 20:cv-02641 (N.D. Ill.) (collectively, "Respondents"); respectfully submit this joint response to the Panel's August 12, 2020 Order to Show Cause (Dkt. #3).

**INTRODUCTION**

The creation of a Society Insurance Company COVID-19 Business Interruption Protection Insurance MDL is the appropriate vehicle to streamline discovery, ensure consistent pretrial rulings, and maximize both judicial efficiency and the convenience of the parties and witnesses. An MDL will address the positions and course of conduct of one defendant, regarding the provisions and application of standard policy language. It will ensure uniform decisions regarding the particular policy language, and eliminate duplication of the identical or nearly identical discovery in numerous actions against the same defendant. The Northern District of Illinois is the most appropriate forum for the Society Insurance Company COVID-19 Business Interruption Protection Insurance MDL because Chicago is the "center of gravity" of the litigation.

**ARGUMENT**

**I.      Transfer of the Society Insurance cases to a single venue for pretrial proceedings will serve the interests of justice and judicial efficiency.**

Transfer of actions to a single district for coordinated or consolidated pretrial proceedings is appropriate if: (i) the actions, pending in different districts, involve one or more common issues of fact; and (ii) the transfer will promote the just and efficient conduct of the actions, as well as the convenience of the parties and witnesses. 28 U.S.C. § 1407(a). These elements are met here.

**A.      The Society Insurance actions involve common factual and legal issues.**

The injuries to the plaintiffs in these actions arise out of virtually identical factual circumstances. They have been forced to suspend their businesses due to the physical presence of COVID-19 on property and the resulting government closure orders. They each purchased a similar standard form Businessowners Policy issued by defendant Society Insurance. Even though this is an "all risk" policy, in which all losses are covered unless expressly excluded, Society Insurance has categorically denied coverage to all plaintiffs, and even taken actions to preemptively deter policyholders from filing claims, asserting that the presence of COVID-19 on property does not constitute property damage.

Hence, the common issues for determination include, *inter alia*:

1. Whether COVID-19 contamination of premises and property constitutes "direct physical loss of or damage to" plaintiffs' property;

2. Whether the suspension of plaintiffs' businesses was "caused by a direct physical loss of or damage to" their property;

3. Whether any of the losses incurred by plaintiffs constitute "Extra Expense" as defined in the policy;

4. Whether any of the losses incurred by plaintiffs fall within the Civil Authority

coverage, triggered by "action of civil authority that prohibits access to the described premises";

5. Whether the omission of the industry standard virus exclusion establishes that virus-related losses are covered by the policy; and

6. Whether Society Insurance's course of conduct, including its precipitous actions to deny coverage on a blanket basis, including efforts to preempt even the filing of claims by policyholders relating to COVID-19, without first conducting the reasonable coverage investigation required by law, constitutes bad faith.

These are the classic types of common questions that are found to support transfer to an MDL proceeding. *See, e.g., Medvene v. Conseco Life Ins. Co. (In re Conseco Life Ins. Co. Cost of Ins. Litig.)*, 323 F. Supp. 2d 1381, 1383 (J.P.M.L. 2004) (transferring to MDL actions alleging breach of insurance policies by a single defendant insurer). Indeed, the commonality of the issues is conclusively demonstrated by the fact that Society Insurance has been filing essentially identical motions for summary judgment in these actions.[1]

**B.   Transfer will promote the just and efficient conduct of the actions, and convenience the parties and witnesses.**

Transfer to an MDL proceeding will ensure that the provisions of the Society Insurance Businessowners Policy will be interpreted consistently in adjudicating the claims of all policyholders. Duplicative written discovery will be eliminated by coordination of document

---

[1] *See, e.g., JDS 1455, Inc. v. Society Insurance*, No. 20-cv-02546 (N.D. Ill.), Dkt. #17-19; *351 Kingsbury Corner, LLC v. Society Ins.*, No. 20-cv-02589 (N.D. Ill.), Dkt. #29-31; *Big Onion Tavern Group, LLC, et al. v. Society Ins.*, No. 20-cv-02005 (N.D. Ill.), Dkt. #112-114; *Billy Goat Tavern I, Inc., et al.. v. Society Ins.*, No. 20-cv-02068 (N.D. Ill.), Dkt. #23-25; *Biscuit Café, Inc., et al. v. Society Ins.*, No. 20-cv-02514 (N.D. Ill.), Dkt. #24-26; *Dunlays Mgmt. Servs., LLC, et al. v. Society Ins.*, No. 20-cv-02524 (N.D. Ill.), Dkt. #19-21.

requests and production. Multiple depositions of Society Insurance witnesses—who are likely to be the same in each of these actions—will also be avoided.

An additional important consideration is that several of the cases to be transferred are putative class actions. Centralization via MDL is separately justified by the need to coordinate and harmonize the class actions, and ensure consistent rulings regarding class certification. *See In re Am. Airlines, Inc.*, 342 F. Supp. 2d 1355, 1356 (J.P.M.L. 2004) ("Centralization under Section 1407 is necessary in order to … prevent inconsistent rulings on pretrial motions (especially with respect to questions of class certification)….").

An MDL proceeding involving only defendant Society Insurance also serves to address the Panel's justified concern that an industry-wide MDL would have forced evaluation of all variations of policy language under the laws of all 50 states. Not only is there a standard Businessowners Policy form at issue, but Society Insurance is a regional insurer, doing business in only six states: Illinois, Indiana, Iowa, Minnesota, Tennessee, and Wisconsin. *See* https://www.societyinsurance.com/faq/#275 (visited August 24, 2020).[2]

## II. The Northern District of Illinois is the most appropriate forum for the Society Insurance cases.

### A. Chicago is the "Center of Gravity."

Chicago sits at the center of the six-state region serviced by Society Insurance. The third largest city in the country, Chicago also represents, by far, the most populous and commercially intense metropolitan area within Society Insurance's operating area. Hence, it is not surprising that the vast majority of COVID-19 coverage actions against Society Insurance have been filed in the

---

[2] That said, the central issue here—Society Insurance's blanket denial of coverage—is a garden-variety breach of insurance contract. The law applicable to the interpretation of the Businessowners Policy is not likely to materially differ among these states.

4

Northern District of Illinois.

Of the 21 actions subject to this Panel's Order to Show Cause, 17 have been filed in the Northern District of Illinois. (Dkt. #3, Sched. A). This weighs heavily in favor of the Northern District of Illinois as the most appropriate forum for coordinated or consolidated pretrial proceedings in the Society Insurance cases. *See In re Fisher-Price Rock 'N Play Sleeper Mkt., Sales Practices, and Prod. Liab. Litig.*, 412 F. Supp. 3d 1357, 1360 (J.P.M.L. 2019) ("Two thirds of the related actions (10 of 15) were filed in this district …."); *In re General Aircraft Corp. Antitrust/Tort Claims Act Litig.*, 449 F. Supp. 604, 606 (J.P.M.L. 1978) ("That district is the choice of the majority of the parties…."); *In re Folding Carton Antitrust Litig.*, 415 F. Supp. 384, 386 (J.P.M.L. 1976) ("The Northern District of Illinois is clearly the most appropriate transferee forum for this litigation. Fourteen of the 23 private actions before us are already pending there.").

Even during the limited in-person courtroom function during COVID-19, and certainly when these restrictions are removed, Chicago's central location and easy accessibility best serves the convenience of the parties and witnesses. *See In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, 408 F. Supp. 2d 1354, 1355 (J.P.M.L. 2005) (describing the Northern District of Illinois as a "geographically central district [that] will be a convenient location"); *In re Folding Carton Antitrust Litig.*, 415 F. Supp. at 386 ("Chicago's central location is another reason commending transfer to the Northern District of Illinois…."). Not only are the vast majority of existing parties located in the Chicago area, but Chicago is a major transportation hub. It is a short drive from much of Wisconsin and Indiana, and direct flights are readily available from the entire region in which Society Insurance does business. No other locale within that region is comparable.

**B.    The actions should be assigned to Judge Edmond E. Chang, who presides over the first-filed case against Society Insurance in the Northern District of Illinois.**

The actions pending in the Northern District of Illinois are currently assigned to a variety

of judges. A motion is currently pending to reassign those actions to Judge Edmond E. Chang, who is already presiding over two of them. *Big Onion Tavern Group, LLC, et al. v. Society Ins., Inc.*, No. 20-cv-02005 (N.D. Ill.), Dkt. #79. Pursuant to the Northern District of Illinois' Local Rule 40.4, related cases pending in the district can be reassigned to the judge presiding over the lowest-numbered action if it is practical to do so and substantial efficiencies would result. *See id.* at 7.

While this local district rule is certainly not binding on this Panel, assignment of the Society Insurance cases to Judge Chang is an appropriate result. Judge Chang has been on the bench since 2010. He is experienced in presiding over complex matters, including those with multiple plaintiffs and multiple class actions. As one example, he recently presided over *Smith, et al. v. ComplyRight, Inc.*, No. 18-cv-04990, a matter involving multiple class actions brought by multiple plaintiffs, arising out of a data breach. Notwithstanding the complexity of the *ComplyRight* litigation, Judge Chang kept a well-organized docket, and administered the matter to a negotiated resolution with certification of a settlement class. Judge Chang is not currently presiding over any MDLs nor, to the best of Respondents' knowledge, has he ever done so—a factor that weighs in favor of his assignment. *See In re Fisher-Price*, 412 F. Supp. 3d at 1360 ("Centralization in the Western District of New York therefore allows us to assign this litigation to an able jurist who has not yet had the opportunity to preside over an MDL.").

## CONCLUSION

Respondents respectfully recommend that the Panel transfer the Society Insurance COVID-19 business interruption actions to the Northern District of Illinois, and to the docket of Judge Edmond E. Chang, for consolidated or coordinated pretrial proceedings.

Dated: August 26, 2020

*/s/Joseph M. Vanek*
jvanek@sperling-law.com
Eamon P. Kelly
ekelly@sperling-law.com
John P. Bjork
jbjork@sperling-law.com
SPERLING & SLATER, P.C.
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Telephone: (312) 641-3200

David S. Klevatt, Esq.
dklevatt@InsuranceLawyer .com
Timothy M. Howe, Esq.
tim@chicagolaw.biz
KLEVATT & ASSOCIATES, LLC
33 North LaSalle Street, Suite 2100
Chicago, Illinois 60602-2615
(312) 782-9090

*Counsel for JDS 1455, Inc.*

*/s/ Ben Barnow*
Ben Barnow
Erich. P. Schork
Anthony L. Parkhill
Barnow and Associates, P.C.
205 W. Randolph, Ste. 1630
Chicago, IL 60606
Tel:  (312) 621-2000
b.barnow@barnowlaw.com
e.schork@barnowlaw.com
aparkhill@barnowlaw.com

Timothy G. Blood
Blood Hurst & O'Reardon, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: (619) 338-1100
tblood@bholaw.com

*Counsel for Roscoe Same LLC, Big & Little's Lakeview LLC, and Big & Little's Empire, LLC*

7

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re SOCIETY INSURANCE COMPANY COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION | MDL No. 2964 |

**PROOF OF SERVICE**

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that Plaintiffs JDS 1455, Inc., d/b/a West on North, Roscoe Same LLC, Big & Little's Lakeview LLC, and Big & Little's Empire, LLC's **Joint Response to the Panel's Rule to Show Cause Order and In Support of Transfer of the Society Insurance Actions to the Northern District of Illinois** and this **Proof of Service** were filed with the Court's CM/ECF system on August 26, 2020, which sends a service copy to all registered parties in the action at their associated email addresses.

Dated: <u>August 26, 2020</u>

*/s/Joseph M. Vanek*
jvanek@sperling-law.com
Eamon P. Kelly
ekelly@sperling-law.com
John P. Bjork
jbjork@sperling-law.com
SPERLING & SLATER, P.C.
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Telephone: (312) 641-3200

*Counsel for JDS 1455, Inc.,
d/b/a West on North*