BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: SOCIETY INSURANCE COMPANY COVID-19 BUSINESS INTERRUPTION INSURANCE COVERAGE LITIGATION | MDL Docket No. 2964 |

**BARN PLAINTIFFS' INTERESTED PARTY RESPONSE TO ORDER TO SHOW CAUSE FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. §1407**

The Barn Plaintiffs,[1] by and through their undersigned counsel, pursuant to 28 U.S.C. §1407 and Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("Panel"), respectfully submit the following interested party response to the Panel's Order to Show Cause as to why all COVID-19-related business interruption cases against Society Insurance, Inc. (the "Society Actions") should not be transferred and coordinated.

**PRELIMINARY STATEMENT**

The Panel is familiar with the factual background and legal issues surrounding the business interruption insurance cases that have arisen from the Covid-19 pandemic. While denying an industry-wide MDL, the Panel issued orders to show cause with respect to certain insurers as to why the claims against them should not be coordinated; Society Insurance, Inc. ("Society") being among them. The Barn Plaintiffs believe that centralizing and coordinating the cases against Society would be appropriate. As is reflected in Schedule 5 of the prior Order, there are 17 cases against Society presently pending in the Northern District of Illinois, with two in the Eastern District of Wisconsin, and one each in the Middle District of Tennessee and District of Minnesota. At present, the Illinois cases are before seven different judges, but there is a pending motion to relate all of the Northern District of Illinois cases against Society before one judge. (*See Big Onion*

---

[1] The Barn Plaintiffs are: The Barn Investment LLC d/b/a The Barn, Found Investment LLC d/b/a Found and Aurora Restaurant LLC d/b/a Stolp Island Social.

*Tavern Grp., LLC v. Society Ins., Inc.*, No. 1:20-cv-02005, ECF Nos. 79, 87, 89, 91, 93, 95, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107)  The Barn Plaintiffs supported that motion and, for the same reasons, the stray cases pending in other districts against Society should join those in the Northern District of Illinois before either Hon. Matthew E. Kennelly, whom the Barn Plaintiffs supported in MDL 2942, or Hon. Edmond E. Chang, whom the Barn Plaintiffs supported in the motion to relate all of the Northern District of Illinois cases.

I.  **ARGUMENT IN SUPPORT OF CENTRALIZATION AND TRANSFER**

   A.  **Centralization Will Promote Section 1407's Goals of Ensuring the Just and Efficient Conduct of the Actions and Avoiding Inconsistent or Conflicting Determinations**

28 U.S.C. §1407(a) provides, in relevant part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

"Centralization under Section 1407 is . . . necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary." *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 344 F. Supp. 2d 755, 757 (J.P.M.L. 2004).  The litmus test of transferability and coordination under Section 1407 is the presence of common questions of fact. *In re Fed. Election Campaign Act Litig.*, 511 F. Supp. 821, 823 (J.P.M.L. 1979); *see also In re Meridia Prod. Liab. Litig.*, 217 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002).

Here, the Society Actions are particularly well suited for MDL treatment because of the common factual and legal questions presented in the individual cases and MDL treatment will preserve judicial resources.  *In re S. Pac. Transp. Co. Emp't Practices Litig.*, 429 F. Supp. 529,

531 (J.P.M.L. 1977); *see also In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003) (noting that transfer is favored where there are overlapping legal issues among the various cases). Society is a regional insurer that, to the best of the Barn Plaintiffs' knowledge, uses only a small number of essentially identical policy forms.  Common questions exist as to Society's common and uniform practices to deny business interruption claims relating to stay-at-home orders intended to mitigate the spread of COVID-19, and Society's investigation, if any, into those claims. Dispositive and other motions filed by the parties in the Society Actions will require the resolution of essentially the same issues of fact and law.  *See In re Oil Spill by "Amoco Cadiz" off the Coast of France on Mar. 16, 1978*, 471 F. Supp. 473, 478 (J.P.M.L. 1979) (ordering centralization where actions "involve common questions of fact").  Moreover, centralization will "prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings concerning the common factual questions." *Id*.; *see also In re Ryder Truck Lines, Inc. Emp't Practices Litig.*, 405 F. Supp. 308, 309 (J.P.M.L. 1975).  In particular, Society has already begun filing dispositive motions which raise nearly identical arguments as to why the insured's claim is not entitled to be paid.  None have yet been fully briefed, but it would be a waste of judicial resources to have essentially the same issues decided by multiple different judges. Moreover, the insureds will inevitably raise different arguments on the same issues of law in response to Society's motions.  This situation that is an invitation to conflicting pretrial rulings relating to interpretation of the same common insurance policy language.

      Based upon the foregoing, the transfer of the Society Actions to a single forum will eliminate duplicative discovery; prevent inconsistent pretrial rulings regarding coverage; conserve the resources of the parties, counsel, and the judiciary; and promote the just and efficient conduct

and resolution of the Society Actions. Simply put, centralization will promote efficiency by allowing these common disputes to be argued before and resolved by a single Transferee Court.

### B. The Northern District of Illinois Is the Most Appropriate Forum

Under 28 U.S.C. §1407(a), the Panel may transfer actions to "any district" and has wide discretion to choose the transferee court. *See, e.g.*, *In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51 (2d Cir. 1978). The Panel generally considers a variety of factors in selecting the transferee court, including, but not limited to, the following: (1) the procedural advancement of an action; (2) the familiarity of a judge with the proceedings; (3) the efficiency of a court's civil docket; and (4) a central location for national litigation. Given that all the Society Actions are at a similar procedural posture (*i.e.*, their infancy), and no judge has particular experience with the Society Actions, transfer analysis must turn on the efficiency and convenience of the litigation.

#### 1. The Northern District of Illinois Has Significant Experience with Complex MDL Litigation, Is Centrally Located, and Is Well-Equipped to Manage This MDL Proceeding

In deciding where to centralize related actions, the Panel often considers, among other factors, the location of the defendants' headquarters, the location of relevant documents and witnesses, and the number of related actions pending in a particular district at the time of transfer. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 148 F. Supp. 3d 1367 (J.P.M.L. 2015). In the instant case, the center of gravity of the case is in the Northern District of Illinois. Society's headquarters is in Milwaukee, Wisconsin, only a short distance from Chicago. Most of the plaintiffs are restaurants and other businesses located in or around Chicago, so their documents and witnesses would be located in the Northern District of Illinois. Most of the related actions have been filed in the Northern District of Illinois.

***Second***, as the Panel is aware, the Northern District of Illinois has more than the requisite resources and capacity to manage this MDL proceeding. The fact that the Northern District of

Illinois is currently handling ten MDL cases demonstrates that the staff and Clerk's office are well equipped and have the experience to provide the necessary support services for managing multidistrict litigation. *See In re: Navistar Maxxforce Engines Mktg., Sales Practices & Prod. Liab. Litig.*, 67 F. Supp. 3d 1382, 1384 (J.P.M.L. 2014) (explaining that the Northern District of Illinois possesses "the resources to devote to this litigation."). Both Judge Kennelly and Judge Chang are experienced jurists and are more than capable of managing the litigation.

## II. CONCLUSION

For the foregoing reasons, the Barn Plaintiffs respectfully request that the Panel enter an Order pursuant to 28 U.S.C. §1407 centralizing for coordinated or consolidated pretrial proceedings all related and tag-along Society Actions in the Northern District of Illinois.

DATED: August 28, 2020

CARELLA, BYRNE, CECCHI,
  OLSTEIN, BRODY & AGNELLO, P.C.
JAMES E. CECCHI
LINDSEY H. TAYLOR

/s/ James E. Cecchi
James E. Cecchi

5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
STUART A. DAVIDSON
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
rachelj@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
STEPHEN A. WEISS
77 Water Street, 8th Floor
New York, NY  10005
Telephone:  212/584-0700
212/584-0799 (fax)
cseeger@seegerweiss.com
sweiss@seegerweiss.com

Attorneys for the Barn Plaintiffs

## **PROOF OF SERVICE**

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that on August 26, 2020, I caused the accompanying Interested Party Response to be filed with the Court's CM/ECF system, which sends a service copy to all registered parties in the action at their associated email addresses.

Dated:  August 24, 2020

/s/ James E. Cecchi
JAMES E. CECCHI

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700
Fax: (973) 994-1744
jcecchi@carellabyrne.com

Attorneys for Plaintiffs
The Barn Investment LLC d/b/a The Barn, Found Investment LLC d/b/a Found and Aurora Restaurant LLC d/b/a Stolp Island Social.